UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| SHEILA HUNTER, *individually and as representative of the Estate of Walter Hunter*,<br>    *Plaintiff*,<br><br>    *vs.*<br><br>COOK MEDICAL INCORPORATED a/k/a COOK MEDICAL, INC., COOK INCORPORATED, COOK GROUP, INC., and WILLIAM COOK EUROPE APS,<br>    *Defendants.* | 1:14-cv-1786-JMS-TAB |

## **ORDER**

On October 30, 2014, Plaintiff Sheila Hunter, individually and as representative of the Estate of Walter Hunter, filed a Complaint against Defendants Cook Medical Incorporated a/k/a Cook Medical, Inc. ("Cook Medical"), Cook Incorporated ("Cook"), Cook Group, Inc. ("Cook Group"), and William Cook Europe APS ("Cook Europe"). [Filing No. 1.] The Complaint alleges that the Court has diversity jurisdiction because Ms. Hunter and Defendants are citizens of different states, and the amount in controversy exceeds $75,000, exclusive of interest and costs. [Filing No. 1 at 4.]

The Court must independently determine whether proper diversity among the parties exists. *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 533 (7th Cir. 2007). The Court is not being hypertechnical. Counsel has a professional obligation to analyze subject-matter jurisdiction, *id.*, and a federal court always has a responsibility to ensure that it has jurisdiction, *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 427 (7th Cir. 2009). There are several problems with Ms. Hunter's jurisdictional allegations, which leave the Court unable to determine whether it has diversity jurisdiction over this matter.

First, Ms. Hunter alleges that she "resided in and continues to reside in Plainfield, New Jersey." [Filing No. 1 at 2.] But residency and citizenship are not the same, and it is the latter that matters for purposes of diversity. *Meyerson v. Harrah's East Chicago Casino*, 299 F.3d 616, 617 (7th Cir. 2002). Ms. Hunter must provide her state of citizenship in order for the Court to determine whether it has diversity jurisdiction.

Second, Ms. Hunter also sues as the representative of the Estate of Walter Hunter. The legal representative of an estate of a decedent is deemed to be a citizen only of the same state as the decedent. 28 U.S.C. § 1332(c)(2). Accordingly, Ms. Hunter must set forth the citizenship of Walter Hunter in order for the Court to determine whether it has diversity jurisdiction.

Third, Ms. Hunter alleges that Cook Europe is "based in Bjaeverskov, Denmark and regularly conducts business in the state of Indiana…." [Filing No. 1 at 3.] The Court must know which American business form a foreign corporation most closely resembles. The Seventh Circuit Court of Appeals had made clear that such information is required to adequately assess whether diversity jurisdiction exists. *See Global Dairy Solutions Pty Ltd. v. BouMatic LLC*, 523 Fed. Appx. 421, 422 n.1 (7th Cir. 2013) (analyzing the citizenship of the foreign corporation based on which American business form the foreign company most closely resembles) (citing *White Pearl Inversiones S.A. (Uruguay) v. Cemusa, Inc.*, 647 F.3d 684 (7th Cir. 2011)). Therefore, Ms. Hunter must properly set forth the citizenship of Cook Europe in conformity with *Global Dairy* and *White Pearl*.

For these reasons, the Court **ORDERS** Ms. Hunter to file an Amended Complaint by **November 18, 2014**. The Amended Complaint shall properly sets forth her citizenship and the citizenship of Mr. Hunter. The Amended Complaint must also explain what American corporate form

Cook Europe most closely resembles and analyze its citizenship according to that form. Defendants should wait until the Amended Complaint is filed to prepare their answer.

November 4, 2014

_____
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only to all counsel of record**